[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 2, 2007
THOMAS K. KAHN
CLERK

No. 07-11578
Non-Argument Calendar
_____

D. C. Docket No. 04-00063-CR-FTM-29DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUBERT B. FARQUHARSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 2, 2007)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Hubert Farquharson appeals his conviction, after a guilty plea to knowingly and wilfully possessing with intent to distribute 1,000 kilograms or more of

marijuana, a violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii). On appeal, Farquharson raises two claims: (1) that the district court erred by denying his motion to suppress, and (2) that the district court erred by accepting his guilty plea under a theory of deliberate ignorance. We affirm.

As for Farquharson's first argument, because he entered an unconditional guilty plea, thus waiving all nonjurisdictional defects, including any challenge to the district court's denial of his motion to suppress, we will not consider the claim. United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings."); United States v. Wai-Keung, 115 F.3d 874, 877 (11th Cir. 1997) (holding that we will not consider a defendant's challenge to the district court's denial of a motion to suppress if that issue is not preserved in a conditional plea entered under Fed. R. Crim. P. 11).

And we will not consider his second argument, based on his failure to preserve it below. "[I]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party. The doctrine of invited error is implicated when a party induces or invites the district court into making an error. Where invited error exists, it precludes a court from invoking the plain error rule and reversing." United States v. Silvestri, 409 F.3d

1311, 1327 (11th Cir. 2005) (quotations and citations omitted). With respect to Farquharson's challenge to the district court's use of the deliberate ignorance theory, Farquharson repeatedly invited the district court to accept his plea based on that very theory. Thus, under the invited error doctrine, we do not consider this issue.

**AFFIRMED.**